IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
vs. ) Criminal No. 10-185
)
NEALE J. MISQUITTA, )
)
Defendant. )

ORDER

AND NOW, this 7th day of April, 2011, upon consideration of Key Environmental, Inc. and Field and Technical Services, LLC's "Motion Pursuant to F.R. Crim. P. 17(c)(3) by Victims to Quash Subpoena(s) Served Upon Third Party(ies) by Defendant to Acquire Personal or Confidential Information" (Document No. 38), filed in the above-captioned matter on March 29, 2011, and upon further consideration of Defendant's Response thereto,

IT IS HEREBY ORDERED that said Motion is GRANTED and the subpoena served on Gleason & Associates by Defendant on March 22, 2011 is QUASHED.

On March 22, 2011, Defendant served a subpoena (the "Subpoena") on Gleason & Associates ("Gleason") commanding Gleason to deliver "[a]ll documents and communications relied upon relating to the 'Key Environmental, Inc. and Field and Technical Services, LLC Forensic Accounting and Consulting Project' including but not limited to, interview notes, work plans,

1

engagement letter, invoices, analysis, draft reports and final reports." Key Environmental, Inc. ("Key") and Field and Technical Services, LLC ("FTS") seek to quash the Subpoena pursuant to Federal Rule of Criminal Procedure 17(c)(3). They argue that they are the victims in this criminal matter, that the Subpoena requires the production of personal and/or confidential material about them, and that Defendant served the Subpoena without first obtaining a court order to do so. They argue that this violated Rule 17(c)(3) and that the Subpoena should therefore be quashed. The Court agrees.

Rule 17(c)(3) provides:

After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.[1]

Here, there is no dispute that Key and FTS are the alleged victims, that Gleason is a third party, and that no order was obtained from this Court prior to the service of the Subpoena on Gleason. Defendant's position is that the Subpoena did not seek personal or confidential information about Key and FTS and that, therefore, it was not governed by Rule 17(c)(3). Although he

---

[1] Defendant's argument that the alleged victims have no standing to challenge the Subpoena is refuted by the language of Rule 17(c)(3) itself, which clearly permits victims to seek to quash or modify a third-party subpoena.

2

raises multiple arguments in support of this position, none have merit.

Defendant relies heavily on Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414 (3d Cir. 1991) in arguing that Key and FTS waived any privacy or confidentiality interests they may have had when they produced "these documents" to the Government. However, Defendant's reliance on Westinghouse is misplaced. First, Westinghouse dealt with the issue of waiver of attorney-client privilege and the attorney work product doctrine. Rule 17(c)(3) does not require a court order only for subpoenaing privileged information; it requires an order for the issuance of a subpoena requiring the production of any personal or confidential information. Although Defendant treats "privileged," "confidential," and "personal" as if they were synonymous terms, they are not.

Confidential and personal information encompasses a wide range of material that may include privileged material, but that also includes non-privileged information. Indeed, the fact that Rule 17(c)(3) contemplates that material can be obtained by subpoena pursuant to court order demonstrates the Rule's broader application. Since privileged material would not ordinarily be subject to subpoena, the Rule obviously is intended to apply to a broader range of material than merely privileged information. It is important to understand that Rule 17(c)(3) does not restrict

the information available to a criminal defendant, but rather sets forth certain notification requirements and other protections designed to allow victims to protect their interests. Although protecting potentially privileged information is undoubtedly one of the goals of Rule 17(c)(3), it is not written to apply *only* to such material.

Moreover, Westinghouse dealt with the issue of selective, rather than partial disclosure. See 951 F.2d at 1426. The Subpoena seeks information that has *not* been disclosed to the Government. There is no claim that information provided by Key and FTS to the Government is being withheld from Defendant. Key and FTS's disclosure of the "Key Environmental, Inc. and Field and Technical Services, LLC Forensic Accounting and Consulting Project" waived any applicable privilege only as to the report itself, not as to other materials not produced. See id. at 1426 n.12. Although withholding additional information can lead to a waiver of privilege if Defendant is disadvantaged by this withholding, that issue has not been briefed or argued by either party. Indeed, the procedure in Rule 17(c)(3) is designed to allow the parties and the Court to identify and address such issues before a subpoena is served. This further demonstrates the need for notice and Court approval in this case.

Defendant further argues that the material requested in the Subpoena cannot be considered to be personal or confidential

4

because, as a shareholder of Key and FTS, he would have a right to access and review the material pursuant to 15 Pa. C.S. § 1508. However, Section 1508 does not give a shareholder access to all documents held by a business entity, and it would appear that Defendant has requested at least some material pursuant to the Subpoena to which he may not have a right of access pursuant to Section 1508, including interview notes, analysis, and possibly other material. Further, this argument goes to whether Defendant is entitled to certain information, not as to whether notice and court approval are needed. Moreover, considering the nature of this case, Defendant's interests are not aligned with the alleged victims' interests, and it cannot be assumed that Key and FTS do not have documents that are confidential and personal as far as the Defendant is concerned.[2]

For these reasons, the Court finds that the Subpoena does seek personal and confidential information about the alleged victims in this case and therefore must be quashed. Defendant must obtain an order from this Court before subpoenaing such information. While the Court will not issue a blanket order quashing all third party subpoenas, as Key and FTS suggest, it does direct Defendant to notify the victims of any other such subpoenas that have been issued

---

[2] Defendant is, of course, entitled to exercise any rights he may have as a shareholder.

so that Key and FTS can exercise whatever rights they may have in regard to any such subpoenas.

s/Alan N. Bloch<br>
United States District Judge

ecf:     Counsel of record