IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 10-185 |
| | ) |
| NEALE J. MISQUITTA, | ) |
| | ) |
| Defendant. | ) |

O R D E R

On or about March 22, 2011, Defendant served essentially identical subpoenas on Key Environmental, Inc. and Field and Technical Services LLC seeking 33 separate categories of documents. On March 29, 2011, Key Environmental and Field and Technical Services moved to quash these subpoenas pursuant to Federal Rule of Criminal Procedure 17(c)(2), primarily on grounds that they were unduly burdensome, unreasonable, and oppressive. (Doc. No. 36). In connection with their motion, Key Environmental and Field and Technical Services submitted detailed, itemized estimates as to the costs they would incur in searching for and preparing the large quantity of documents sought by Defendant. They stated that these costs would exceed $100,000, and could exceed $200,000.

A hearing on this motion was held on May 3, 2011. At that hearing, the Court held that, having reviewed the broad and extensive requests contained in Defendant's subpoenas, it agreed

1

that compliance would be unduly burdensome, and that the subpoenas were unreasonable and oppressive. However, in lieu of quashing the subpoenas, the Court permitted Defendant to request the documents on the condition that he incur the costs associated with complying with his requests, relying on In re: Grand Jury Investigation, 459 F. Supp. 1335 (E.D. Pa. 1978) and Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp. 232 (D. Del. 1992). The Court indicated that requiring Defendant to bear the cost of compliance was particularly appropriate in light of the fact that his very broadly-worded subpoenas seemed much more like a fishing expedition in which he hoped to find useful information than an attempt to obtain evidentiary material, and in light of the fact that the Government had already provided Defendant with access to all information it has regarding this case.

Accordingly, the Court held that if Defendant sought to investigate the case further, he should bear the expense of doing so, not the alleged victims. The Court therefore conditioned compliance on Defendant's payment of the costs of such compliance. The Court set forth the following procedure that the parties were to follow. First, Defendant was ordered to indicate to Key Environmental and Field and Technical Services the requests to which he wanted them to comply. Next, Key Environmental and Field and Technical Services were to provide him with a good faith estimate of the costs of compliance. Finally, Defendant was to

2

then notify the Court and pay this amount, as ordered by the Court, into a government account that would be held in escrow until the Court ordered the funds to be released to Key Environmental and/or Field and Technical Services. The Court further ordered that if there were any specific objections to any requests, the parties should notify the Court immediately.

Subsequently, on June 22, 2011, Key Environmental and Field and Technical Services filed a motion to enforce the Court's May 3 order. (Doc. No. 60). The motion indicated that they had, pursuant to the Court's order, provided a good faith estimate of the costs of complying with Defendant's modified document requests in the amount of $226,565.00. They asserted, however, that Defendant rejected the cost estimate and indicated that he was willing to pay the amount of $10,868.25. They requested that the Court enforce its May 3 order by requiring Defendant to pay the appropriate costs for production of the records sought or, alternatively, not receive the records if he is unwilling to pay.
Defendant filed a response (Doc. No. 61), essentially contesting the reasonableness of the estimate provided by Key Environmental and Field and Technical Services.

The circumstances of this case, including the number of documents at issue, the technical issues involved, and the limited time resources of the Court, which is currently conducting a lengthy criminal trial, compel the appointment of a Special Master.

Therefore, the Court intends to appoint David R. Cohen, Esquire, of Reed Smith LLP, 225 Fifth Avenue, Pittsburgh, PA 15222, to serve as Special Master. The Special Master will review Defendant's requests for documents and/or records from Key Environmental and Field and Technical Services as well as the estimate of the costs of compliance submitted by Key Environmental and Field and Technical Services and will submit a Report and Recommendation to the Court as to the reasonableness of those cost estimates. The Court emphasizes, however, that whatever the ultimate cost of compliance is, that cost will be borne by Defendant if he wishes to receive the requested material. The Special Master shall be paid at the rate of $350 per hour for services performed. One-half of the cost shall be borne by Defendant and one-half of the cost shall be borne by Key Environmental and Field and Technical Services.

Therefore, this 18th day of July, 2011, IT IS HEREBY ORDERED that counsel for Defendant and counsel for Key Environmental and Field and Technical Services shall file their objections, if any, to the appointment of David R. Cohen, Esquire, as Special Master, by July 25, 2011.

s/Alan N. Bloch
United States District Judge

ecf:   Counsel of record
       David Cohen, Esquire, at drcohen@reedsmith.com